IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WARREN PASCHAL, JR., | : | |
| Plaintiff, | : | |
| V. | : | NO. 4:25-cv-00064-CDL-AGH |
| TOM BURDEN, | : | |
| Defendant. | : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Warren Paschal, Jr., an inmate in the Muscogee County Jail in Columbus, Georgia, filed the above-captioned action seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also seeks leave to proceed *in forma pauperis*. ECF No. 3. For the reasons discussed below, it is **ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the

grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).  Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *See Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Daker v. Jackson*, 942 F.3d 1252, 1257-1259 (11th Cir. 2019).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous federal lawsuits (not including habeas petitions) and that at least three of his complaints or appeals that were filed *pro se* while Plaintiff was incarcerated have been dismissed as frivolous or malicious or for failure to state a claim. *See Paschal v. Petty*, Appeal No. 22-13299, (11th Cir. May 19, 2023) (appeal dismissed as frivolous); *Paschal v. Walkman*, Appeal No. 22-12112-A (11th Cir. Dec. 12, 2022) (appeal dismissed as frivolous); *Paschal v. Petty*, Case No. 4:22-cv-00019-CDL-MSH (M.D. Ga. Sep. 19, 2022) (dismissed as malicious for abuse of judicial process due to failure to truthfully disclose litigation history);[1] *Paschal v. Walkman,* Case No. 4:21-cv-00213-CDL-MSH

---

[1] A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g). *Rivera,* 144 F.3d at 731 (holding that dismissal of case for abuse of judicial

2

(M.D. Ga. June 7, 2022) (dismissed for failure to state a claim). Plaintiff is thus barred from prosecuting this action *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]the issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). To qualify for this exception, a prisoner must allege specific facts, as opposed to "'general assertion[s],'" that describe an "'ongoing serious physical injury or [] a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Id*. (citation omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint); *Brown*, 387 F.3d at 1349 (citations omitted). "[G]eneralized references to being in danger or being subject to abuse, . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger." *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, at *3 (N.D. Fla. July 5, 2023).

Here, Plaintiff complains that Officer Tom Burden refused to let Plaintiff order commissary although Plaintiff had "$5,000 in [his] jail account." ECF No. 1 at 1. Even

---

process when plaintiff "lied under penalty of perjury about the existence of a prior lawsuit," counts as a strike even if the court "may not have uttered the words 'frivolous' or 'malicious'"). In fact, a "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting Section 1915(g)." *Id*. (citations omitted).

liberally construing his complaint and accepting all allegations as true, Plaintiff has not alleged an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff, therefore, may not proceed *in forma pauperis* and his action must be dismissed without prejudice to his right to refile with pre-payment of the full $405.00 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)").

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 24th day of March, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA